**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ROUTY W. ABERNATHY                                    PETITIONER
ADC #143921

VS.                    CASE NO.: 5:12CV00277 JLH/BD

RAY HOBBS, Director,
Arkansas Department of Correction               RESPONDENT

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

1

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>

A jury found Petitioner Routy Abernathy guilty of two counts of rape for engaging in sexual intercourse or deviate sexual activity with two victims, both of whom were younger than fourteen years of age. *Abernathy v. State*, No. CACR 09-505, 2009 Ark. App. 702, *1 (Dec. 9, 2009).   At trial, the two victims testified to incidents of digital and penile penetration and penetration with a dildo by Mr. Abernathy that occurred while the girls were staying at his home in Greenwood, Arkansas. *Id*.

The jury also heard testimony from a third child (the "Oklahoma witness"), who was the daughter of a woman with whom appellant had an affair while he and his family lived in Oklahoma. *Id*.   The Oklahoma witness testified that Mr. Abernathy had on one occasion inserted his finger into her anus. *Id*.   The incident was not prosecuted. *Id*.

Mr. Abernathy filed a direct appeal of his conviction challenging the sufficiency of the evidence and the constitutionality of the Arkansas Supreme Court's "pedophile exception" to Rule 404(b) of the Arkansas Rules of Evidence. *Id*. at *2.   The Arkansas Court of Appeals found there was sufficient evidence to support the conviction and declined to reach the merits of his constitutional challenge because Mr. Abernathy had not cited to authority or made a convincing argument in support of his claim. *Id*. at *3.

2

Mr. Abernathy filed a petition with the trial court under Arkansas Rule of Criminal Procedure 37.  In the petition, Mr. Abernathy claimed ineffective assistance of counsel on several grounds.  (#10-5)   After a hearing, at which Mr. Abernathy and his trial attorney testified, the Court denied the petition.  (#10-5)

Mr. Abernathy appealed the trial court's denial of his Rule 37 petition to the Arkansas Supreme Court.  *Abernathy v. State*, No. CR 10-941, 2012 Ark. 59 (Feb. 9, 2012).  On appeal, Mr. Abernathy claimed his trial counsel was ineffective for:  (1) failing to investigate, consult with, or call a medical expert; (2) telling the jury in his opening statement that he would not allow appellant to take the stand if he did not believe that the State had proven its case beyond a reasonable doubt; (3) failing to object to the prosecution's question to a defense witness about whether she believed the Oklahoma witness; and (4) failing to file a motion to introduce evidence concerning a previous claim by one of the victims against her grandfather that was allegedly false.  *Id*. at *2.  The Arkansas Supreme Court affirmed the trial court's denial of post-conviction relief.  *Id*. at *10.

In this petition, Mr. Abernathy raises the same four claims of ineffective assistance of counsel that he raised in his appeal to the Arkansas Supreme Court.  For the reasons set forth below, the petition should be denied and dismissed.

## III.   Discussion

A.   *Standard of Review*

Federal courts provide limited review of claims adjudicated in state court.  "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard*, 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is deemed contrary to federal law only where the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or where the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is an unreasonable application of federal law only if the state court identifies the correct governing legal principle from United States Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413.  It is not enough that a federal court might have applied federal law in a manner different from the state court.  Rather, the state court's application must

have been objectively unreasonable. *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

Furthermore, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside only if they are not fairly supported by the record. *Nicklasson v. Roper*, 491 F.3d 830, 841 (8th Cir. 2007) (quoting *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995)).

B.     *Ineffective Assistance of Counsel*

The Sixth Amendment guarantees criminal defendants effective assistance of counsel at every stage of a criminal trial. "That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In order to prevail on a habeas corpus claim based on ineffective assistance of counsel, a petitioner must show:  (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability that the outcome of the trial would have been different but for the substandard performance of trial counsel. See *Strickland,* 466 U.S. at 687-94.  Furthermore, "[j]udicial scrutiny of

5

counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper,* 455 F.3d 838, 845 (8th Cir. 2006).

      1.    *Expert Testimony*

Mr. Abernathy complains that his counsel was ineffective because he failed to object to the prosecuting attorney's question to a defense expert.  The defense called Cheryl Green, a physician's assistant, to testify as an expert witness.  On direct examination, she testified that in June 2006, she had examined the Oklahoma witness who alleged that she had been sexually abused by Mr. Abernathy.  (Tr. 611-12)  Mr. Abernathy was not being tried on any charges related to the Oklahoma witness in his trial, but the evidence about her allegations of assault were admitted under the pedophile exception to Arkansas Rule of Evidence 404(b).  On cross-examination, the deputy prosecutory asked:

> Q.    Ms. Green, when you talked to this girl, as a matter of fact, you believed her, did you not?
>
> A.    Yes sir.
>
> Q.    Even though you found no evidence of physical injury?
>
> A.    Yes sir.

(Tr. 618)

In his Rule 37 petition and in this petition, Mr. Abernathy claims that his trial counsel, Carl Bush, was ineffective for not objecting to the question and answer or demanding a mistrial.  (#2 at pp. 20-40)  At the Rule 37 hearing, Mr. Bush admitted that he had failed to object to the testimony, but claimed there was no prejudice because jurors had been properly instructed that the credibility of witnesses was for them to determine, and he had challenged the credibility of the Oklahoma witness by pointing out discrepancies in her allegations.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 143-45)

The trial court rejected Mr. Abernathy's argument as outside the matters that it could consider on a Rule 37 petition.  (#10-5 at p. 5)  The Arkansas Supreme Court, however, considered the merits of the Mr. Abernathy's claim under *Strickland*.  The Court moved straight to the second part of the *Strickland* analysis and held that Mr. Abernathy had not demonstrated that he was sufficiently prejudiced by his counsel's failure to object to meet his burden of proof.  *Id*. at *8.

The Court noted that Mr. Bush had testified that, although he should have objected to the nurse's testimony that she had believed the Oklahoma victim's allegations, he believed the error was remedied by the trial court's instructing the jury concerning its obligation to assess the credibility of the witnesses.  *Id*.  In addition, the Court noted that counsel had testified that he believed that he had very effectively challenged the credibility of the two victims during his closing argument.  *Id*.  The Court found that the

7

trial court record supported Mr. Bush's statements, and that the totality of the evidence and particular circumstances of the case did not demonstrate, "a reasonable probability that the fact-finder's decision would have been different absent counsel's errors." *Abernathy*, 2012 Ark. 59 at *8.

In his petition, Mr. Abernathy argues that if the jury had not heard the opinion testimony, logical minds could have concluded that no abuse had occurred. While Ms. Green's testimony might have bolstered the credibility of the Oklahoma witness, it is difficult to leap to the conclusion that, but for Ms. Green's testimony, the jury would not have believed the testimony of the victims in this case.

The Arkansas Supreme Court's factual findings are fairly supported by the record, and the Court's decision was not contrary to, or an unreasonable application of, clearly established law.

2.    *Opening Statement*

Mr. Abernathy's second claim of ineffective assistance of counsel relates to a comment Mr. Bush made during his opening statement which Mr. Abernathy believes prejudiced the jury by indicating that Mr. Bush believed that the prosecution had sufficiently proved its case. During his opening statement Mr. Bush said, "I have a duty to do my job and not allow him to take the stand if I don't believe the state has proven its case beyond a reasonable doubt at the time it rests it [sic] case." *Id*. at *6. Mr. Abernathy

claims that because he took the stand and testified in his own defense, the implication to the jury was that Mr. Bush believed the state had sufficiently proved its case.

At the Rule 37 hearing, Mr. Bush testified that he did not accurately portray his responsibilities to the jury, because it is ultimately the defendant's decision whether or not to take the stand and testify.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 139)  Mr. Bush explained that his comments were not intended to indicate that the State had met its burden if his client did testify but instead were meant to deflect any animosity that the jury might have toward Mr. Abernathy for not testifying.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 138-42)

The trial court determined that the statement was a tactical decision made by defense counsel and that any harm that resulted was remedied by the Court's correct instruction on the burden of proof and the closing arguments of counsel for both parties. (#10-5 at pp. 2-3)

The Arkansas Supreme Court agreed that counsel's decision to make the statement was tactical.  And although the Court questioned whether counsel's decision to make the statement was supported by reasonable professional judgment, it concluded that the trial court's instruction to the jury, clarifying that opening statements are not evidence and should be disregarded if they have no basis in the evidence, served to resolve any confusion that may have resulted from the comment.  *Id*. at *7.  The Court, accordingly,

concluded that the trial court was not clearly erroneous in finding that Mr. Abernathy had failed to demonstrate prejudice from the remark. *Id*.

The record supports the Arkansas Supreme Court's conclusion. In his closing argument, the prosecutor argued that the State had met its burden of proof primarily through the testimony of the two child victims. Mr. Bush argued that the State had failed to meet its burden of proof and aggressively attacked the credibility of the victims. The trial Court correctly instructed the jury under Arkansas law.

Mr. Abernathy points to *Lindstadt v. Keane*, 239 F.3d 191 (2d Cir. 2001), arguing that Mr. Bush's statement was so egregious that he was, in effect, denied his constitutional right to testify. The *Lindstadt* case, however, is not applicable here. In *Lindstadt*, the Second Circuit held that an inappropriate comment by trial counsel during opening statement was one of four errors by counsel, and that the cumulative effect of all of the errors was sufficiently prejudicial to merit habeas corpus relief. *Id*. at 203-05. The Eighth Circuit has rejected cumulative-error as grounds for relief. See *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006) (habeas petitioner cannot build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test) (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) (neither cumulative effect of trial errors nor cumulative effect of attorney errors were grounds for habeas relief)) (other citations omitted).

The Arkansas Supreme Court's factual findings are fairly supported by the record, and the Court's decision that Mr. Abernathy failed to show prejudice is not contrary to, or an unreasonable application of, clearly established law.

3. *Medical Expert*

Mr. Abernathy also claims that his defense counsel was ineffective for failing secure the assistance of a medical expert and for failing to investigate medical aspects of the case. (#2-1 at pp. 9-10)  Particularly, Mr. Abernathy claims that an expert was necessary to question the investigative techniques and statistics used by the State's medical witness.

At trial, the State's medical witness, a nurse who performed sexual assault examinations on the victims, testified that 90% of the time, a physical examination of a child sexual assault victim will be "normal" – meaning that it will not uncover any physical evidence of trauma.  (Tr. 470)

At the Rule 37 hearing, Mr. Bush testified that he consulted with a nurse prior to trial and subpoenaed a physician's assistant/SANE (Sexual Assault Nurse Examiner) from the State of Oklahoma to testify at trial.  The physician's assistant was called to testify for the defense, and she also testified that in 90% of cases physical examinations of sexual assault victims do not uncover physical evidence of trauma.  (Tr. 617)

At the Rule 37 hearing, Mr. Abernathy testified that if Mr. Bush had investigated further, he would have found studies to rebut the "90%" testimony offered by these

witnesses.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 58)  Mr. Abernathy states that he had found information to this effect on the internet, but that he did not present any expert testimony to this effect at the Rule 37 hearing.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 94)  The trial court found that, under the circumstances, Mr. Abernathy had not established prejudice from his counsel's failure to call a medical expert at trial.  (#10-5 at p. 2)

The Arkansas Supreme Court, again, addressed the prejudice prong of the *Strickland* analysis and held that the trial court correctly concluded that Mr. Abernathy had failed to demonstrate prejudice as to any error in failing to investigate the medical aspects of the case or the need for expert testimony.  *Abernathy*, 2012 Ark. 59 at *5.  The Court pointed out that Mr. Abernathy testified at the hearing that he had found information on the internet that would have contradicted testimony offered by the State's witness, but the Court found that Mr. Abernathy had not provided evidence at the hearing in support of his allegation.

The Court reasonably concluded Mr. Abernathy could not succeed on this claim because he had not named a witness, provided a summary of the testimony, or established that the testimony would have been admissible, as required under Arkansas law.  *Id* at *5 (citing *Fernandez v. State*, 2011 Ark. 418 (per curiam)).  Similarly, in this Petition, Mr. Abernathy has not proffered the name of an expert or the content of expert testimony that

should have been offered and that would have changed the outcome at trial.  Accordingly, the Arkansas Supreme Court's denial of relief on this claim was not unreasonable.  See *Lamar v. Graves*, 326 F.3d 983 (8th Cir. 2003) (citing *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989), cert. denied, 493 U.S. 898, 110 S.Ct. 252 (1989)) (holding that petitioner could not succeed on an ineffective assistance of counsel claim for failure to consult with expert if petitioner had not offered expert testimony to support the claim).

4.    *Evidence of Prior Allegation of Abuse*

Finally, Mr. Abernathy alleges that his counsel was ineffective for not filing a pre-trial motion to admit evidence of an alleged prior false allegation of sexual abuse one of the victims had made against her grandfather.  (#2-1 at pp. 17-18)  At the Rule 37 hearing, Mr. Bush testified that he did not move to admit the testimony because he believed it would have been barred by the Arkansas Rape Shield Statute, Arkansas Code Annotated Section 16-42-101.  (Respondent's Exhibit G, volume transcript, Arkansas Supreme Court CR 10-941 at p. 132)   The trial court agreed that the testimony would have been barred by the statute and concluded that Mr. Abernathy could not establish prejudice for counsel's failure to raise the issue.  (#10-5 at p. 4)

The Arkansas Supreme Court held that, despite Mr. Abernathy's claim that the victim had made a prior false charge of sexual assault, there was no evidence presented at the Rule 37.1 hearing to support such a claim.  *Abernathy*, 2012 Ark. 59 at *10.  At the hearing, Mr. Abernathy took the position that because there was no physical evidence of

the assault and because no charges were ever brought on the victim's claim, the allegation was false.  The Court found this reasoning to be flawed.  *Id*.  The Court concluded that Mr. Abernathy had not established that there was a prior *false* allegation of sexual assault and had not demonstrated that the evidence had more that slight relevance or that it would have been deemed admissible.  *Id*.

The Arkansas Supreme Court's decision on this claim was not contrary to or an unreasonable application of *Strickland*.  Nor was it based on an unreasonable determination of the facts in the light of the evidence presented at the Rule 37 hearing.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  A certificate of appealability may issue only if Mr. Abernathy has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253 (c)(1)-(2).  In this case, Mr. Abernathy has not provided any basis for issuance of a certificate of appealability.  Accordingly, a certificate of appealability should be denied.

## V.    Conclusion

All claims raised by Mr. Abernathy in his federal petition lack merit.  Accordingly, the Court recommends that Mr. Abernathy's petition (#2) and addendum (#9) be DENIED, and this case be DISMISSED, with prejudice.

14

DATED this 4th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE